UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS BARBOSA, et al., | No. 2:20-cv-02298-JAM-DMC |
| Plaintiffs, | |
| v. | **ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON CLAIM SEVEN** |
| SHASTA COUNTY, et al. | |
| Defendants. | |

This matter is before the Court on Plaintiffs' motion for summary judgment ("MSJ"). See MSJ, ECF No. 38. Following the Court's hearing on this matter, the parties submitted supplemental briefs on Plaintiff's seventh cause of action for violations under the Americans with Disabilities Act ("ADA") and Rehabilitation Act ("RA"). See First Amended Complaint ("FAC"), ECF No. 20; see also Pls.' Supplemental Brief ("Brief"), ECF No. 54; Defs.' Response to Pls.' Supplemental Brief ("Response"), ECF No. 57.

Summary judgment is appropriate when the record, read in the light most favorable to the non-moving party, indicates "that there is no genuine dispute as to any material fact and the

1

1    movant is entitled to judgment as a matter of law." Fed. R. Civ.
2    P. 56(a).  For the reasons set forth below, the Court denies
3    summary judgment on Plaintiffs' seventh claim.[1]
4         Title II of the ADA prohibits discrimination based on
5    disability by public entities.  42 U.S.C. § 12131(1)(B).  Public
6    entities are also vicariously liable under the ADA for acts of
7    their employees.  See Duvall v. County of Kitsap, 260 F.3d 1124,
8    1141 (9th Cir. 2001).  Two types of Title II claims are
9    applicable to seizures in the Ninth Circuit: (1) wrongful arrest,
10   where police wrongly arrest someone with a disability because
11   they misperceive the effects of that disability as a criminal
12   activity; and (2) reasonable accommodation, where police fail to
13   reasonably accommodate a person's disability during an
14   investigation or arrest, causing the person to suffer greater
15   injury or indignity in that process than other arrestees.  See
16   Sheehan v. City of San Francisco, 743 F.3d 1211, 1232 (9th Cir.
17   2014), rev'd in part, cert. dismissed in part sub nom., City of
18   San Francisco v. Sheehan, 135 S. Ct. 1765, 191 L. Ed. 2d 856
19   (2015).  Plaintiffs allege both theories here.
20        It is undisputed that Decedent Barbosa suffered from Post-
21   Traumatic Stress Disorder and was declared disabled by the
22   Veterans Administration.  Plaintiffs' Statement of Undisputed
23   Facts ("PSUF") ¶ 32, ECF No. 51.  It is also undisputed that the
24   responding deputies were informed that Barbosa was "possibly in
25   psychosis or having some kind of episode" and that his wife had
26   requested an ambulance for him.  PSUF ¶ 35.  Further, Defendants
27
28   [1] The Court heard this matter on September 13, 2022.

1    Sergeant Gonzales, Deputy Van Eyck, and Deputy Fleming all
2    personally responded to a prior mental health call for Barbosa a
3    month or two before the incident at issue.  PSUF ¶ 36.
4         Based on these undisputed facts, the Court finds that a
5    reasonable juror could conclude that Defendant officers knew of
6    or had reason to know of Decedent's disability and shot him due
7    to misperceiving the effects of his disability as criminal
8    activity, satisfying the elements for a wrongful arrest claim
9    under the ADA.  Orr v. Cal. Highway Patrol, No. 2:14-cv-585-WBS,
10   2015 WL 848553, *45 (E.D. Cal. Feb. 26, 2015) (The elements for a
11   wrongful arrest claim are: (1) that they were disabled; (2) that
12   officers knew or should have known they were disabled; and
13   (3) that officers arrested him because of legal conduct relating
14   to his disability).  Summary judgment is therefore inappropriate
15   on this claim.
16        As for Plaintiffs' claim for reasonable accommodations, "a
17   public entity is on notice that an individual needs an
18   accommodation when it knows that an individual requires one,
19   either because that need is obvious or because the individual
20   requests an accommodation."  Robertson v. Las Animas County
21   Sheriff's Dep't, 500 F.3d 1185, 1198 (10th Cir. 2007).  For the
22   same reasons as above, the Court finds sufficient support in the
23   record for a trier of fact to conclude that Defendants had notice
24   of Barbosa's need for an accommodation.
25        Defendants contend that they accommodated Barbosa to the
26   extent required by law in their pre-shooting conduct when they
27   ended their pursuit in an attempt to deescalate the situation.
28   Response at 2.  However, the situation continued to evolve

thereafter, and the record arguably shows that further accommodations were possible.  Whether Barbosa posed an immediate threat that rendered accommodations unreasonable is a question of fact that the Court cannot decide in a motion for summary judgment. Accordingly, the Court must leave the matter to a jury.

For the reasons above, the Court DENIES Defendants' motion for summary judgment on Plaintiff's seventh cause of action for violations under the ADA and RA.

IT IS SO ORDERED.

Dated: October 3, 2022

JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE