UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS BARBOSA, DECEASED, by and through his Co-Successors in Interest, LUPITA BARBOSA, Individually, and as Mother and Next Friend for K.B. and T.B., minors, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>SHASTA COUNTY, a public entity, et al.,<br><br>    Defendants. | No. 2:20-cv-02298-JAM-DMC<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO CERTIFY DEFENDANTS' APPEAL AS FRIVOLOUS** |

Plaintiffs move to certify Defendants' qualified immunity appeal as frivolous. See Mot. to Certify as Frivolous ("Mot."), ECF No. 63. Defendants oppose the motion. See Opp'n, ECF No. 68. Plaintiffs replied. See Reply, ECF No. 70. For the reasons set forth below, the Court GRANTS Plaintiffs' motion to certify Defendants' appeal as frivolous.[1]

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for December 6, 2022.

1

I. BACKGROUND

As the parties are familiar with the facts of this case, the Court shall recount only those facts most relevant to the present motion. Decedent Thomas Barbosa was shot and killed by Shasta County Sergeant Gonzalez. At the time he was shot, Decedent Barbosa was struggling to exit the rear window of his truck, which had overturned against a tree and thereafter rested upon its side with the passenger door facing skyward. Decedent Barbosa was forty-one years old, five foot five, and two hundred pounds. Exh. 18 to Plaintiffs' Opp'n, Report of Autopsy, ECF No. 48-5. The window was 35-inches tall and 13-inches wide at its widest part. Exh. 19 to Plaintiffs' Opp'n, Pictures of Decedent's Truck Taken by Redding Police, ECF No. 48-5.

The aerial video surveillance shows that Decedent Barbosa was still in the overturned car when he was shot. Exh. 1 to Plaintiffs' Opp'n, Aerial Surveillance Footage, ECF No. 72. The only parts of his body visible in the video before and after the gunshot are his hands, which appear in the frame of the rear window. Id. Defendants contend that Decedent Barbosa had a knife in his hand.

One shot was fired resulting in a mortal wound. Id. The bullet struck Decedent Barbosa in the upper chest, tore through his left lung, and lodged in his back just beneath the skin. Exh. 18 to Plaintiffs' Opp'n, Report of Autopsy.

Two minutes after Decedent Barbosa was shot, Officer Fleming moved forward and released his canine unit. Exh. 1 to Plaintiffs' Opp'n, Aerial Surveillance Footage. The dog bit Decedent's forearm and shook it violently back and forth in its

1  jaws for twenty-five seconds before being detached.  Id.  Two
2  other officers then moved in and, working together, pulled
3  Decedent's body through the narrow rear window onto the ground
4  beside the overturned truck.  Id.  They turned Decedent on his
5  front and cuffed his hands before rolling him onto his back and
6  pulling him downhill away from the truck.  Id.  Medics arrived on
7  the scene about four minutes later and pronounced Barbosa dead.
8  Id.
9     On these facts, the Court denied qualified immunity to
10 Defendants Sergeant Gonzalez and Officer Fleming.  See Minutes
11 for Proceedings Held on September 13, 2022, ECF No. 52.  The
12 Court held that disputes of material fact precluded summary
13 judgment on the issue of qualified immunity and the question of
14 whether each officer's conduct violated a clear constitutional
15 right.  Id.
16    Defendants appealed the Court's qualified immunity ruling,
17 prompting this motion by Plaintiff to certify the appeal as
18 frivolous.
19
20                         II.   OPINION
21    A.   Legal Standard
22    While an appeal of an order denying qualified immunity
23 "normally divests the district court of jurisdiction to proceed
24 with trial[,]" under the Ninth Circuit's decision in Chuman v.
25 Wright, 960 F.2d 104, 105 (9th Cir. 1992), a district court "may
26 certify the appeal as frivolous and may proceed then with trial."
27 Padget v. Wright, 587 F.3d 983, 985 (9th Cir. 2009) (citing
28 Michell v. Forsyth, 472 U.S. 511, 530 (1985)).  Under Chuman, a

1  district court that finds an appeal frivolous "may certify, in
2  writing, that defendants have forfeited their right to pretrial
3  appeal, and may proceed with trial." 960 F.2d at 105.
4      An appeal is frivolous when it is "so baseless that it does
5  not invoke appellate jurisdiction, such as when the disposition
6  is so plainly correct that nothing can be said on the other
7  side." Schering Corp. v. First DataBank Inc., No. C 07-01142-
8  WHA, 2007 WL 1747115, at *3 (N.D. Cal. June 18, 2007) (internal
9  citations omitted). That is to say, "if the results are obvious,
10 or the arguments of error are wholly without merit," then the
11 district court should certify the appeal as frivolous. In re
12 George, 322 F.3d 586, 591 (9th Cir. 2003) (internal citations
13 omitted). When a district court certifies an appeal as
14 frivolous, the defendant may apply to the Ninth Circuit for a
15 discretionary stay. Chuman, 960 F.2d at 105 n.1.
16      B.   Discussion
17      Defendants oppose Plaintiffs' motion to certify Defendants'
18 qualified immunity appeal as frivolous on two grounds. First,
19 Defendants argue an interlocutory appeal is appropriate because
20 there is no genuine issue of material fact. Opp'n at 6. Second,
21 Defendants argue that an appeal is appropriate because the Court
22 applied the wrong standard of analysis when it denied qualified
23 immunity. Id. at 5. The Court finds both arguments are
24 unavailing, and the appeal is frivolous.
25      Contrary to Defendants' first contention, the Court found on
26 summary judgment that there are genuine disputes of material fact
27 that precluded a finding of qualified immunity. In particular,
28 the reasonableness of the officers' actions hinged on the

4

material question of whether Decedent could have exited the vehicle, risen to his feet, and charged the officers so expeditiously that a reasonable officer was put in fear of imminent danger. Defendants do not challenge the materiality of the disputed facts, but rather, they contend that there are no disputed facts at all because the aerial video "renders the facts of this case undisputed and amenable to summary judgment." Opp'n at 6.

The Court disagrees. "The mere existence of video footage of the incident does not foreclose a genuine factual dispute as to the reasonable inferences that can be drawn from the footage." Vos v. City of Newport Beach, 892 F.3d 1024, 1028 (9th Cir. 2018). A video is only dispositive when it presents a record of events so clearly as to utterly discredit the narrative put forward by one of the parties. See Scott v. Harris, 550 U.S. 372, 380-81 (2007); Vos, 892 F.3d at 1028. Because more than one reasonable inference may be drawn from the video, the video does not ameliorate the genuine disputes of material fact at play in this case.

As the Court noted at hearing, the aerial video recording raised numerous issues of material fact such that a jury could find Plaintiffs' version of facts to be credible. Further, because these questions of fact turn on one's interpretation of the aerial video and the credibility of the officers, they are properly left to the jury. See Fresno Motors, LLC v. Mercedes Benz USA, LLC, 771 F.3d 1119, 1125 (9th Cir. 2015) (observing that the trier of fact is the ultimate decider of how to view evidence that lends itself to more than one reasonable

inference).

It is thus apparent that questions of fact precluded the Court from either granting qualified immunity or holding that no Fourth Amendment violation occurred. Moreover, a defendant may not base an interlocutory appeal solely on whether there exists a genuine dispute of fact. The Ninth Circuit has stated that it "do[es] not have jurisdiction over an interlocutor appeal that focuses on whether there is a genuine dispute about the underlying facts." Knox v. Southwest Airlines, 124 F.3d 1103, 1107 (9th Cir. 1997) (citing Armendariz v. Penman, 75 F.3d 1311, 1317 (9th Cir. 1996) (en banc) ("We have jurisdiction to review the district court's decision that the defendants' alleged conduct violated clearly established law, but the collateral order doctrine does not provide appellate jurisdiction to review the district court's decision that genuine issues of material fact exist for trial"). As such, Defendants' argument that there are no factual disputes is without merit upon appeal.

Defendants next contend that qualified immunity should have been granted because a reasonable officer would not have known that his alleged conduct violated clearly established law. Opp'n at 5. While this issue is appropriate for an interlocutory appeal, the Court finds Defendants' argument in support of this issue to be baseless such that the appeal is frivolous.

The main thrust of Defendants' argument is that the Court failed to apply the appropriate degree of specificity in its qualified immunity analysis. Id. Defendants put forth that "whether the violative nature of particular conduct is clearly established" is a question to be answered "not as a broad general

proposition," but with reference to the facts of specific cases. Opp'n at 5, citing Mullenix v. Luna, 577 U.S. 7, 12 (2015). In the absence of a case directly on point, the Ninth Circuit compares "specific factors" relevant to the excessive force inquiry to determine whether a reasonable officer would have known that the conduct in question was unlawful. Bryan v. MacPherson, 630 F.3d 805, 826 (9th Cir. 2010). Based on these principles of law, Defendants argue that the Court improperly denied qualified immunity on the broad generalization that an officer may not use excessive force, instead of utilizing a "more factually-individualized analysis" as directed by the Ninth Circuit. Opp'n at 5

    The record proves the opposite to be true. At hearing, the Court considered specific caselaw analogous to the present case. In particular, the Court considered two cases put forth by Plaintiffs: S.B. v. Cnty. of San Diego, 864 F.3d 1010 (9th Cir. 2017) (holding that it was a violation of the Fourth Amendment for an officer to shoot a man for grabbing a knife while kneeling six to eight feet from the nearest officer when there were non-lethal options available) and Chew v. Gates, 27 F.3d 1432, 1442-43 (9th Cir. 1994) (surmising that it is not reasonable as matter of law for an officer to release a dog "trained to seize suspects by biting hard and holding" upon a suspect who was merely quietly hiding).

    Taking Plaintiffs' version of the facts on summary judgment, the Court found that Defendants were on notice that their conduct violated Decedent's Fourth Amendment rights. Under S.B. v. Cnty of San Diego, it was a clear violation for Defendant Gonzalez to

shoot a man struggling to wiggle out of a narrow window of an overturned car, even if he were wielding a knife. And under Chew, it was a clear violation for Defendant Fleming to use his canine unit against a man who had just been shot and was lying completely still.

Because Defendants fail to distinguish either case in their opposition, much less discuss them in the context of Plaintiffs' facts, their appeal is patently frivolous. The Court engaged in a fact specific inquiry, as directed by the Ninth Circuit, and Defendants have not shown otherwise.

In sum, the Court denied qualified immunity because there were genuine issues of material fact despite aerial video footage and because Plaintiffs' version of the facts supports a finding that Defendants violated clearly established Fourth Amendment law. Accordingly, the Court concludes that Defendants' appeal is frivolous under Chuman and hereby certifies as much.

### III. ORDER

For the reasons set forth above, the Court GRANTS Plaintiffs' Motion to Certify Defendants' Appeal as Frivolous.

IT IS SO ORDERED.

Dated: February 6, 2023

JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE